MINNEAPOLIS COLD STORAGE COMPANY v. WILLIAM WEYRAUCH.[1]

May 27, 1904.

Nos. 13,904—(70).

Appeal by plaintiff from an order of the district court for Stearns county, Searle, J., denying a motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Calhoun & Bennett,* for appellant.

*J. D. Sullivan,* for respondent.

PER CURIAM.

Action to recover upon a promissory note for $95, in which defendant interposed the defense that the note was given for an Iowa dairy separator, which at the time of the purchase was represented and warranted (1) to separate milk and cream at the rate of four hundred fifty pounds per hour, and (2) that it would not leave on an average more than one-tenth of one per cent. of butter fat in the skimmed milk. The separator was delivered to defendant and tried by him, but subsequently, on the claim that it failed to meet the terms of the warranty, was returned to plaintiff's agent. On trial in district court the question whether the defendant waived the right to rescind the contract by his long delay in trying the separator was submitted to the jury, as also the question whether there was a breach of warranty in either of the respects mentioned. A verdict was returned for defendant.

On appeal to this court from an order denying plaintiff's motion for a new trial, it is urged that the court below erred in submitting to the

jury the question whether there was a breach of warranty respecting its capacity to separate milk at the rate of four hundred fifty pounds per hour, and, further, that the defendant's long delay in trying and testing the machine was a waiver of the right to rescind. After a careful examination of the record, we conclude that the issues in the case were properly submitted to the jury, and that the evidence is sufficient to sustain their verdict. While the evidence offered for the purpose of showing that the separator did not separate milk at the rate of four hundred fifty pounds per hour is not strong, still it is sufficient to justify the jury in finding a breach of warranty in that respect.

We discover no errors of law in the record sufficient to warrant a reversal of the case, and the order denying a new trial is affirmed.